IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                            20-CR-6135-CJS

PHILLIP M. CLOSE,

                Defendant.

---

## GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE
## AND SENTENCING GUIDELINE RANGE

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Meghan K. McGuire, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Indictment, and pursuant to the suggestion of the Court of Appeals in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

## MANDATORY MINIMUM AND MAXIMUM SENTENCES
## COUNTS 1 THROUGH 61

1.    Counts 1 through 61 of the Indictment charge violations of Title 18, United States Code, Section 2251(a) (Production of Child Pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence for each

1

count is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life.

    2.    Pursuant to Title 18, United States Code, Section 2259A(a)(3), the Court must also impose an assessment of not more than $50,000 for each of Counts 1 through 61, in addition to any other criminal penalty, restitution, or special assessment.  Unless the defendant is indigent, the Court must also impose a special assessment of $5,000 for each of Counts 1 through 61, pursuant to Title 18, United States Code, Section 3014.

    3.    Pursuant to Title 18, United States Code, Section 2259(b)(1), the Court must order restitution for the full amount of the compensable losses of the victims of the conduct charged in Counts 1 through 61 (Minor Victims 1 through 61) as determined by the Court.

## COUNTS 62 THROUGH 74

    4.    Counts 62 through 74 of the Indictment charge violations of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2) (Possession of Child Pornography involving a Prepubescent Minor), for which the maximum possible sentence for each count is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life.

    5.    Pursuant to Title 18, United States Code, Section 2259A(a)(1), the Court must also impose an assessment of not more than $17,000 for each of Counts 62 through 74. Unless the defendant is indigent, the Court must also impose a special assessment of $5,000 for each of Counts 62 through 74, pursuant to Title 18, United States Code, Section 3014.

6.	Pursuant to Title 18, United States Code, Section 2259(b)(2), the Court must order restitution for the losses of the victims of the conduct charged in Counts 62-74, but no less than $3,000 per victim.

## ELEMENTS OF THE OFFENSES

7.	If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt:

### Counts 1 - 61

  a.	The victim was under the age of eighteen;

  b.	The defendant used or employed or persuaded or induced or enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

  c.	The visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce.

### Counts 62 - 74

  a.	The defendant knowingly possessed material that contained an image of child pornography;

  b.	Such child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

  c.	The defendant knew that such material contained child pornography; and

d.  At least one image involved a prepubescent minor or a minor who had not attained 12 years of age.

## SENTENCING GUIDELINES CALCULATIONS

8.  The government presently believes that the Sentencing Guidelines will apply to this case as follows:

### COUNTS 1-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61
### BASE OFFENSE LEVEL

9.  Guidelines § 2G2.1(a) applies to Counts 1-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61 provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The following specific offense characteristics apply to Counts 1-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61:

a.  the four-level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years]; and

b.  the two-level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense].

### ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, the adjusted offense level for Counts 1-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61 is 38.

12. Because Counts 1-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61 are covered sex crimes, Guidelines § 4B1.5(b)(1) applies and there is a five-level increase in the offense level, resulting in an adjusted offense level of 43.

### COUNTS 6, 7, 13, 17, 20-21, 41, 44, 45, 48, 49, and 56
### BASE OFFENSE LEVEL

13. Guidelines § 2G2.1(a) applies to Counts 6, 7, 13, 17, 20-21, 41, 44, 45, 48, 49, and 56 and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

14. The following specific offense characteristics apply to Counts 6, 7, 13, 17, 20-21, 41, 44, 45, 48, 49, and 56:

   a. the two-level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years]; and

   b. the two-level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense].

### ADJUSTED OFFENSE LEVEL

15. Based on the foregoing, the adjusted offense level for Counts 6, 7, 13, 17, 20-21, 41, 44, 45, 48, 49, and 56 is 36.

16. Because Counts 6, 7, 13, 17, 20-21, 41, 44, 45, 48, 49, and 56 are covered sex crimes, Guidelines § 4B1.5(b)(1) applies and there is a five-level increase in the offense level, resulting in an adjusted offense level of 41.

## COUNT 35
## BASE OFFENSE LEVEL

17. Guidelines § 2G2.1(a) applies to Count 35 and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

18. The following specific offense characteristic applies to Count 35:

a. the two-level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense].

## ADJUSTED OFFENSE LEVEL

19. Based on the foregoing, the adjusted offense level for Count 35 is 34.

20. Because the Count 35 is a covered sex crime, Guidelines § 4B1.5(b)(1) applies and there is a five-level increase in the offense level, resulting in an adjusted offense level of 39.

## COUNTS 62 THROUGH 74
## BASE OFFENSE LEVEL

21. Pursuant to Guidelines § 3D1.2, Counts 62 through 74 are grouped together into a single group.

22. Guidelines § 2G2.2(a)(1) applies to the offenses of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

23. The following specific offense characteristics apply:

   a. the two-level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

   b. the four-level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

   c. the five-level increase pursuant to Guidelines §2G2.2(b)(5) [defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor];

   d. the two-level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

   e. the five-level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

## ADJUSTED OFFENSE LEVEL

24. Based on the foregoing, the adjusted offense level for Counts 62 through 74 is 36.

## ALL COUNTS
## COMBINED ADJUSTED OFFENSE LEVEL

25. Count 1 is the Group with the highest adjusted offense level (43).

26. There are 47 additional Groups (Counts 2-5, 8-12, 14-16, 18-19, 22-34, 36-40, 42-43, 46-47, 50-55, and 57-61) with an adjusted offense level that is equal to the highest

adjusted offense level.  Pursuant to Guidelines § 3D1.4(a), each of these Groups counts as one additional Unit.

27.	There are 13 additional Groups (Counts 6, 7, 13, 17, 20, 21, 35, 41, 44, 45, 48, 49, and 56) with an adjusted offense level that is from 1 to 4 levels less serious that the highest adjusted offense level.  Pursuant to Guidelines § 3D1.4(a), each of these Groups counts as one additional Unit.

28.	There is one Group (Counts 62-74) with an adjusted offense level that is 9 or more levels less serious than the highest adjusted offense level.  Pursuant to Guidelines § 3D1.4(c), this Group is disregarded.

29.	Based on the foregoing, pursuant to Guidelines § 3D1.4, there is a five-level increase to highest the adjusted offense level, resulting in a combined adjusted offense level of 48.

## ACCEPTANCE OF RESPONSIBILITY

30.	Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a 2-level decrease  pursuant to U.S.S.G. § 3E1.1 is warranted, resulting in a combined adjusted offense level of 46.

**CRIMINAL HISTORY CATEGORY**

31. Based upon the information now available to the government, the defendant has 0 criminal history points. Accordingly, the defendant's Criminal History Category is I.

**SENTENCING RANGE**

32. Based upon the calculations set forth above, with a total offense level of 46 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of life, a fine of $50,000 to $500,000, and a period of supervised release of life.

33. The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government. Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing. Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range. Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

34. This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to

apply in this case. The sentence to be imposed upon the defendant will be determined solely by the Court. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

DATED: February 22, 2021

                            JAMES P. KENNEDY, JR.
                            United States Attorney

BY:   s/Meghan K. McGuire
       MEGHAN K. MCGUIRE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       100 State Street, Suite 500
       Rochester, New York   14614
       585/399-3922
       Meghan.McGuire@usdoj.gov