**MANDATE**

21-1962-cr
United States v. Close

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:

       PIERRE N. LEVAL,
       REENA RAGGI,
       MYRNA PÉREZ,
          *Circuit Judges.*

---

**United States of America,**

    *Appellee,*

    v.                                       No. 21-1962-cr

**Philip M. Close,**

    *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | JAY S. OVSIOVITCH, Assistant Federal Public Defender, Federal Public Defender's Office, Western District of New York |
| FOR APPELLEE: | KATHERINE A. GREGORY, Tiffany H. Lee, Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York |

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 6, 2021 judgment of the district court is **AFFIRMED**.

Defendant Philip Close pled guilty to 61 counts of production of child pornography and 13 counts of possession of child pornography. Most of the counts were based on recordings Close made of children's genitalia while the unsuspecting victims used the bathroom at his music school. The district court imposed sentences totaling 600 months of imprisonment and ten years of supervised release, a variance below the 25,080 months of imprisonment recommended under the Sentencing Guidelines. Close appeals certain of his convictions and his sentence, arguing that: (1) the recordings Close produced and some of the videos he possessed do not constitute child pornography under 18 U.S.C. §§ 2251(a) and 2256(2)(A)(v); and (2) Close's 50-year sentence of imprisonment is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and the issues for review, which we discuss only as necessary to explain our decision to affirm.

I. **Close's Appeal of His Convictions**

The basis for Close's challenge to his production convictions and several of his possession convictions is unclear. Although, in his briefs, Close characterizes his argument as an as-applied constitutional challenge, Close neither identifies the constitutional provision that was allegedly violated nor articulates a theory of violation. Although a "criminal defendant who enters an unconditional guilty plea may still appeal his conviction on the ground that the statute of conviction is unconstitutional," *United States v. Alarcon Sanchez*, 972 F.3d 156, 166 n.3 (2d Cir. 2020),

1  Close's failure to identify the nature of any unconstitutionality makes it impossible to treat his
2  argument as based on the Constitution.
3  Instead, Close's argument is properly construed as a challenge brought pursuant to Fed. R.
4  Crim. P. 11(b)(3) and directed at the factual basis of his guilty plea.  *See* Oral Arg. at 4:51–5:13
5  (Close's counsel acknowledging this claim as "possible challenge to his guilty plea").  So
6  construed, we review Close's challenge for plain error, because, in the district court, Close did not
7  withdraw or object to his plea, nor did he claim it lacked a factual basis.  *See United States v.*
8  *Balde*, 943 F.3d 73, 95–96 (2d Cir. 2019).
9  The district court did not err, let alone plainly err, in accepting Close's guilty plea because
10 Close's recordings depicted sexually explicit conduct constituting child pornography within the
11 meaning of the relevant statutes.  Close pled guilty to crimes that prohibit the use of a minor to
12 engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such
13 conduct" and the "knowing[] possess[ion]" of materials containing an image of "a minor engaging
14 in sexually explicit conduct."  18 U.S.C. §§ 2251(a), 2251(e), 2252A(a)(5)(B), 2252A(b)(2),
15 2256(2)(A).  "Sexually explicit conduct" is defined in the statute with five different categories of
16 behavior, and the parties agree that only one is at issue here: "lascivious exhibition of the anus,
17 genitals, or pubic area of any person."  *Id.* § 2256(2)(A)(v).  "Lascivious exhibition" is not
18 defined, but this Court and several other circuit courts have applied the following six-factor test in
19 determining whether a recording depicts a minor engaging in "lascivious exhibition":

20     1) whether the focal point of the visual depiction is on the child's
21     genitalia or pubic area;
22     2) whether the setting of the visual depiction is sexually suggestive,
23     i.e., in a place or pose generally associated with sexual activity;
24     3) whether the child is depicted in an unnatural pose, or in

3

```
           inappropriate attire, considering the age of the child;
           4) whether the child is fully or partially clothed, or nude;
           5) whether the visual depiction suggests sexual coyness or a
           willingness to engage in sexual activity;
           6) whether the visual depiction is intended or designed to elicit a
           sexual response in the viewer.
```

*United States v. Rivera*, 546 F.3d 245, 249 (2d Cir. 2008) (quoting *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)); *cf. United States v. Spoor*, 904 F.3d 141, 149–51 (2d Cir. 2018) (approving use of the factors in jury instructions, but warning that additional instruction may be warranted to clarify that the sixth factor alone is insufficient to find a recording to be a "lascivious exhibition").

As Close acknowledges, this Court has squarely held that videos such as those Close produced and possessed can constitute child pornography. *See Spoor*, 904 F.3d at 149–51.[1] In *Spoor*, this Court concluded that a secret recording of children's genitalia and pubic areas while they use the bathroom—the exact type of videos at issue here—can be considered lascivious and, therefore, can constitute "sexually explicit conduct" within the scope of the statutes to which Close pled guilty. *Id.* at 149–50.[2] The Court explained that whether a video depicts "lascivious exhibition" depends on the overall content of the material and that "suggestive posing, sex acts, or inappropriate attire" are not necessary to conclude that a recording or image is child pornography. *Id.* at 149. Like the defendant in *Spoor*, Close here positioned the camera so the pubic area of the children would be the focus of the shot, he hid cameras in a bathroom setting that could be the

---

[1] Close acknowledges that "[t]hese issues have previously been addressed by this Court in [*Spoor*] and are thus foreclosed from review by this panel." Appellant's Br. 34. He raises this issue to preserve it for further appeal.
[2] We acknowledge that a recent D.C. Circuit case found similar videos not to constitute "lascivious exhibition." *See United States v. Hillie*, 14 F.4th 677, 680–692 (D.C. Cir. 2021), *amended by United States v. Hillie*, 39 F.4th 674, 677 (D.C. Cir. 2022). As the D.C. Circuit acknowledged, its analysis was inconsistent with our precedent and the precedent of numerous sister circuits. *Id.* at 689. We are bound by our prior precedent.

4

subject of sexual fantasy, and he intended to create a video to elicit a sexual response from the viewer. *Id*. at 148–50. Close's intent is further demonstrated by his meticulous actions, including taking the cameras' memory cards home, cropping and editing the videos to remove unwanted content, and creating files with names corresponding to his victims. Authorities also found videos showing Close touching nine children inappropriately or masturbating behind others. Finally, at Close's plea hearing, he admitted facts supporting his guilty plea, including that every recording in his indictment constituted child pornography and that he had reviewed with his attorney the legal definition of child pornography and the meaning of "sexually explicit conduct." This evidence was sufficient to conclude, under *Spoor*, that there was a factual basis for Close's plea. *See id*.

## II. Close's Appeal of His Sentence

Close argues that his sentence is substantively unreasonable because a term of 50 years should be reserved for the worst child pornography defendants, which he is not. We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2008). We will "'set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions.'" *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). "Our review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017). District courts are instructed to impose a sentence that is "sufficient, but not greater than necessary," to effectuate the purposes of sentencing. *See* 18 U.S.C. § 3553(a). Applying these principles here, we identify

5

no abuse of the district court's sentencing discretion.

The district court provided several reasons for its sentencing decision, following the factors of § 3553(a), and deemed the sentence sufficient, but not longer than necessary. The district court imposed concurrent 30-year sentences for all 61 production counts, to run consecutively with concurrent 20-year sentences for all 13 possession counts. The sentence accounted for the unusually high number of victims, as well as the seriousness of the offenses and their nature and circumstances. The district court considered the intentionality of Close's actions as to his 61 victims and the videos depicting Close abusing at least nine students, explaining the length of the sentence on the basis of the unusually large number of victims. Some of the victims he recorded were as young as four. The reasonableness of the sentence is also supported by Close's abuse of the trust of his victims and their parents. *See United States v. Broxmeyer*, 699 F.3d 265, 295 (2d Cir. 2012).

We recognize "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," as § 3553(a)(6) requires, but this is not an "exceptional case" where the district court's decision "'cannot be located within the range of permissible decisions'" given the analysis of the remaining § 3553(a) factors. *See Ingram*, 721 F.3d at 37 (quoting *Cavera*, 550 F.3d at 188). We also do not accept Close's arguments distinguishing himself based on his purportedly limited physical contact with his victims, because the record demonstrates that Close did inappropriately touch his victims and the Court has previously rejected the notion "that non-contact production of child pornography is categorically less harmful than sexual abuse involving physical contact." *United States v. Muzio*, 966 F.3d 61, 66 (2d Cir. 2020).

1         Given our deferential standard of review and the district court's explanation of the

2   § 3553(a) factors, Close's sentence falls within the range of reasonable sentences in this case.

3   Accordingly, we conclude that the district court did not abuse its discretion.

4         We have considered Close's remaining arguments and find them to be without merit.

5   Accordingly, the judgment of the district court is **AFFIRMED**.

6
7                                   FOR THE COURT:
8                                   Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit